tial future harms caused by the possible denial of a waiver. *See Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (noting that the ripeness doctrine is triggered when the claims at issue relate to "contingent future events that may not occur as anticipated, or indeed may not occur at all" (internal quotation marks omitted)).

The challenge is ripe as to the claim that the uncertainty of the waiver process burdens students' rights to participate in the examination by forcing them to choose between forgoing the use of modifications or risking the denial of a waiver. Because they have alleged a real and immediate injury to all learning disabled students whose IEPs indicate the use of modifications, the plaintiffs have standing to raise this claim. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

However, though the right to participate in statewide testing requires that participation must be meaningful, *see* 20 U.S.C. § 1412(a)(17)(A); H.R. Rep. 105–95, 1997 U.S.C.C.A.N. at 98–99, it does not require us to prohibit the state from exercising its traditional authority to set diploma requirements. Consequently, the plaintiffs have not met their burden to demonstrate probable success on the merits or a sufficiently serious question going to the merits to make the issue a fair ground for litigation. *See Baby Tam & Co. v. City of Las Vegas*, 154 F.3d 1097, 1100 (9th Cir.1998).

The challenge to the putative failure to establish an alternate assessment process is also insufficiently ripe for adjudication at the present time. *See Texas v. United States*, 523 U.S. at 300, 118 S.Ct. 1257.

Therefore, we REVERSE the district court's order with respect to paragraphs 3–5 and 8 of the preliminary injunction and REMAND with directions to dissolve those portions of the preliminary injunction.

REVERSED in part and REMANDED. Each party is to bear its own costs on appeal.

Helen Y. HIRATA, Plaintiff—Appellee,

v.

Susan CHANDLER, in her official capacity as the Director of the Department of Human Services of the State of Hawaii; State of Hawaii, Defendants—Appellants.

No. 99–15554.

D.C. No. CV–97–00503–BMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1999.

Submission Withdrawn Jan. 31, 2000.

Resubmitted Aug. 28, 2002.

Decided Sept. 5, 2002.

Before D.W. NELSON, KOZINSKI and W. FLETCHER, Circuit Judges.

MEMORANDUM *

The State of Hawaii appeals from the district court's judgment, following a jury trial, in favor of Helen Hirata in her action for compensatory damages under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). The jury's verdict for compensatory damages is based

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

on a prior finding by the district court that the State had discriminated against disabled people like Hirata when it denied them medical assistance benefits under the State's QUEST health insurance program between August 1, 1994 and March 29, 1996. *See Burns–Vidlak v. Chandler*, 939 F.Supp. 765 (D.Haw.1996).

The parties are familiar with the underlying facts, procedural history, and legal arguments. For the reasons stated in our concurrently filed opinion in a parallel case, *Lovell v. Chandler*, —— F.3d —— (9th Cir.2002), we affirm the jury verdict.

AFFIRMED.

**Albert LUM HO, Sr., Plaintiff—Appellee,**

v.

**Susan CHANDLER, in her official capacity as the Director of the Department of Human Services of the State of Hawaii; State of Hawaii, Defendants—Appellants.**

No. 99–15670.

D.C. No. CV–97–00489–BMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1999.

Submission Withdrawn Jan. 31, 2000.

Resubmitted Aug. 28, 2002.

Decided Sept. 5, 2002.

of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This disposition is not appropriate for publication and may not be cited to or by the courts

Before D.W. NELSON, KOZINSKI and W. FLETCHER, Circuit Judges.

MEMORANDUM \*

The State of Hawaii appeals from the district court's judgment, following a jury trial, in favor of Albert Lum Ho in his action for compensatory damages under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). The jury's verdict for compensatory damages is based on a prior finding by the district court that the State had discriminated against disabled people like Lum Ho when it denied them medical assistance benefits under the State's QUEST health insurance program between August 1, 1994 and March 29, 1996. *See Burns–Vidlak v. Chandler*, 939 F.Supp. 765 (D.Haw.1996).

The parties are familiar with the underlying facts, procedural history, and legal arguments. For the reasons stated in our concurrently filed opinion in a parallel case, *Lovell v. Chandler*, —— F.3d —— (9th Cir.2002), we affirm the jury verdict.

AFFIRMED.

of this circuit except as provided by Ninth Circuit Rule 36–3.